**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-903C
(Filed: September 2, 2015)

NOT FOR PUBLICATION

**FILED**
**SEP - 2 2015**
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JOHN HALE, ) | |
| ) | |
| Plaintiff, ) | Pro Se Complaint; Sua Sponte |
| ) | Dismissal for Want of Jurisdiction; |
| v. ) | Transfer; 28 U.S.C. § 1631 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

John Hale, Owensboro, KY, pro se.

ORDER

CAMPBELL-SMITH, Chief Judge

Before the court is the complaint of pro se plaintiff John Hale filed August 19, 2015. Compl., ECF No. 1. Plaintiff's complaint states in full:

> I, John Hale, am filing a lawsuit against the Federal Government and the [National Security Agency (NSA)] over targeted, invasive surveillance and abrasive harassment/terrorism that has been directed at me over the past 5 years and most severely from the time of December 2014 to the present date of August 2015. Supporting documents and evidence included. I am seeking compensation for damages over mental and physical torment and torture, stolen time, financial resources, relationships, and intellectual property.

Id. at 1. The "[s]upporting documents and evidence" to which plaintiff refers consists of nineteen pages of documents printed from the internet, including an article titled "Covert Operations of the U.S. National Security Agency"; a WorldCat.org[1] screenshot of the

---

[1] "WorldCat is the world's largest network of library content and services." What is WorldCat? http://www.worldcat.org/whatis/ (last visited September 1, 2015).

book Psychiatry and the CIA: Victims of Mind Control; a list of the purported effects of "psycho-electronic weapons"; and a chart purporting to depict "Mind Control Information Feedback Paths." Id., Attachs. 1–4.

I.    Legal Standards

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)); see also Metabolite Labs, Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir. 2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)).

Complaints filed by pro se plaintiffs are often held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (stating that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"). However, pro se plaintiffs must still meet jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004); see also Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

II.     Discussion

For the reasons set forth below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3), and the court finds that a transfer of plaintiff's case to another federal court is not appropriate.

   A.     The Court Does Not Have Jurisdiction Over Plaintiff's Claims

Plaintiff's demand for "compensation for damages over mental and physical torment and torture, stolen time, financial resources, relationships, and intellectual property" falls outside this court's jurisdiction. Plaintiff's demand for compensation is based on allegations of "invasive surveillance and abrasive harassment/terrorism" on the part of the NSA. To the extent plaintiff's claims sound in tort, see Zhengxing v. United States, 71 Fed. Cl. 732, 739 (2006), aff'd, 204 F. App'x 885 (Fed. Cir. 2006), the Tucker Act plainly excludes tort claims from the court's jurisdiction, 28 U.S.C. § 1491(a)(1); Keene Corp. v. United States, 508 U.S. 200, 214 (1993). To the extent plaintiff's claims are based on an allegation that the United States, acting through the NSA, has engaged in criminal activity, "[t]he United States Court of Federal Claims has 'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'" Zhengxing, 71 Fed. Cl. at 739 (quoting Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994)). Moreover, plaintiff has not identified "a provision of the Constitution, a statute, an Executive order, or a regulation that mandates a payment of money to the plaintiff," see Raney v. United States, 78 Fed. Cl. 666, 667 (2007), which is necessary for this court to exercise jurisdiction over plaintiff's claims, see Todd, 386 F.3d at 1094.

For the foregoing reasons, plaintiff's complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction.

   B.     Transfer of the Case to Another Court Is Not Appropriate

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631. See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); see id. (stating that "[f]rivolous claims include 'spurious and specious arguments'" (quoting Devices for Med., Inc. v. Boehl, 822 F.2d 1062, 1068 (Fed. Cir. 1987)). "A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (alteration in original) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

Because the court can discern no identifiable nonfrivolous cause of action that would potentially have merit in another court, transfer of plaintiff's complaint is not in the interest of justice.

C.  Plaintiff's Application to Proceed In Forma Pauperis

In addition to his complaint, plaintiff filed an Application to Proceed In Forma Pauperis (IFP). ECF No. 2. Plaintiff's IFP application states that "the amount of [his] salary or wages per month" is "40k." Id. at 1. The court understands that plaintiff has an annual salary of $40,000, which approximately equates to a monthly salary of $3,333. Although instructed to do so in the application, plaintiff does not identify his employer. Id. In response to the question, "Do you own any cash, or so you have money in checking, savings, or any other accounts," plaintiff states that he has $273. Id. at 2. Plaintiff also states that he owns a "2006 Chevy Malibu," but fails, as instructed, to "state its approximate value." Id. Plaintiff does not identify any dependents. Id.

Based on the foregoing, the court concludes that plaintiff has sufficient resources to satisfy the court's filing fee. See Walls v. United States, No. 05-533C, 2005 WL 6114552, at *2 (Fed. Cl. July 28, 2005) (concluding same given plaintiff's monthly salary of $3700); cf. Moore v. United States, 93 Fed. Cl. 411, 414–15 (2010) (granting the plaintiff's IFP application given that she had three dependents and an annual salary of $16,800, which placed her "below the 2009 poverty guidelines for a four-person family [($22,050)]"); Annual Update on the HHS Poverty Guidelines, 80 Fed. Reg. 3236, 3237 (Jan. 22, 2015) (identifying an annual income of $11,770 as the 2015 poverty guideline for family of one living in the 48 contiguous states). "[A]lthough [a] litigant need not be absolutely destitute, granting IFP status calls for showing that paying for the costs of the suit would make it difficult to afford the 'basic necessities of life.'" See Murphy v. United States, No. 14-536C, 2014 WL 3510222, at *1 n.1 (Fed. Cl. July 16, 2014) (quoting Williams v. Court Servs. & Offender Supervision Agency for D.C., 878

4

F.Supp.2d 263, 266 (D.D.C. 2012)), recons. denied, No. 14-536C, 2014 WL 3841874 (2014). Accordingly, plaintiff's IFP application is **DENIED**.

Nevertheless, because the court lacks jurisdiction, see supra Part II.A, the fee need not be paid for the purpose of filing the instant complaint. Plaintiff is advised that, based on his current financial status, any future filings will be subject to the court's $400 filing fee.

IV.     Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims. The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of jurisdiction. The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Chief Judge